# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH ZAWATSKY and JOHN TATE, | |
| Plaintiffs, | NO. 3:17-CV-0621 |
| v. | (JUDGE CAPUTO) |
| JEDDO STARS ATHLETIC ASSOCIATION and BERNARD GABRIELLE, | |
| Defendants. | |

## **MEMORANDUM**

Presently before me is the Motion to Strike Untimely and Defective Notice of Removal, or, in the Alternative, Motion to Remand (Doc. 2) filed by Plaintiffs Joseph Zawatsky ("Zawatsky") and John Tate ("Tate") (collectively, "Plaintiffs"). Defendant Bernard Gabrielle ("Gabrielle") previously removed the action to this Court on federal question jurisdiction grounds. Upon motion by Plaintiffs, the Honorable Malachy E. Mannion remanded the matter to state court, finding that the face of Plaintiffs' properly pleaded complaint did not assert a federal question. After the action was remanded, Tate was deposed, at which time he testified that he believed his constitutional rights were violated and that he was pursuing a First Amendment claim in this litigation. On this testimony, Defendant Jeddo Stars Athletic Association ("Jeddo Stars") removed the action. Jeddo Stars argues that the deposition testimony constitutes "other paper" for purposes of 28 U.S.C. § 1446(b)(3) which "triggered anew" its ability to remove this case based on a purported federal question. The action will be remanded to state court because under the well-pleaded complaint rule, federal question jurisdiction has not been established since the face of Plaintiff's Fourth Amended Complaint, which was also the operative complaint when the matter was before Judge Mannion, is devoid of a federal question and Tate's deposition testimony did not clarify any claims set forth therein. Further, because it was objectively unreasonable for Jeddo Stars to remove the action under the circumstances, it will be required, upon proper submission by Plaintiffs, to pay just costs and actual expenses incurred by Plaintiffs as a result of the removal.

## I. Background

Plaintiffs commenced this action on January 15, 2016 in the Luzerne County Court of Common Pleas against Jeddo Stars seeking damages for their alleged wrongful "ouster" from membership in Jeddo Stars. (*See* Doc. 1-3, *generally*). On March 14, 2016, plaintiffs filed an amended complaint against Jeddo Stars. (*See* Doc. 1-4, *generally*). Plaintiffs subsequently filed a second amended complaint against Jeddo Stars. (*See* Doc. 1-5, *generally*). On March 19, 2016, Plaintiff filed a third amended complaint against Jeddo Stars. (*See* Doc. 1-6, *generally*). On June 15, 2016, Plaintiff filed the Fourth Amended Complaint against Jeddo Stars and Gabrielle. (*See* Doc. 1-7, *generally*).

Gabrielle subsequently removed the action to this Court, arguing that jurisdiction over the case was proper pursuant to 28 U.S.C. § 1331 since Plaintiffs alleged a claim for "Whistleblower Act/Violation of Free Speech." *See Zawatsky v. Jeddo Stars Athletic Assoc.*, No. 16-1725, 2016 WL 4990493, at *4 (M.D. Pa. Sept. 19, 2016). Plaintiffs moved to remand the action, contending that the Fourth Amended Complaint did not raise a constitutional cause of action and no state actors were named as defendants as required to state a claim under 42 U.S.C. § 1983. *See id*. at *1. Plaintiffs' motion was granted, and the action was remanded to the Luzerne County Court of Common Pleas. *See id*. In remanding the case, Judge Mannion explained:

> The court finds that plaintiffs' stated complaint does not assert a federal constitutional violation against the two defendants. In fact, there is no mention whatsoever in this pleading of any alleged violations of plaintiffs' federal or U.S. constitutional rights. Nor does this pleading indicate that it was filed as a federal civil rights action pursuant to 42 U.S.C. § 1983. Indeed, the first three pleadings plaintiffs filed contained only state law claims, including Count I "Whistleblower Act/Violation of Free Speech" claim, and Jeddo did not seek to remove the case. This fact also indicates that plaintiffs intended to keep their claims under state law when they filed their fourth amended complaint and merely added Gabrielle as a defendant.
>
> Count I does not arise under federal law since "some substantial, disputed question of federal law is [not] a necessary element of [the Whistleblower Law claim]", and this claim is not "really one of federal law." Thus, the court finds that there is no basis for the fourth amended complaint to be removed to this federal court and this court lacks original jurisdiction over this case. Plaintiffs' counsel is a frequent litigator in federal court, and undoubtedly if she wanted to include federal constitutional claims in the complaint under § 1983, she would have done so. Rather, the pleading was specifically

2

> drafted to assert only state law claims. Thus, the court finds under the well-pleaded complaint rule that federal question jurisdiction has not been established in the present case since the face of plaintiffs' properly pleaded complaint does not assert a federal question. The court finds that under 28 U.S.C. § 1447(c) remand of this case back to Luzerne County Court is authorized since subject matter jurisdiction over plaintiffs' state law claims is lacking.

*Id*. at *5 (alterations in original) (internal citation omitted).

After the action was remanded to state court, the parties engaged in discovery. (*See*, *e.g.*, Doc. 1-8, *generally*). Tate was deposed, during which he testified that he believed his First Amendment rights were violated. (*See id*. at 86:7-9). Tate further answered "yes" in response to the following question: "in your complaint, you allege that your First Amendment U.S. Constitutional rights were violated, correct?" (*Id*. at 148:11-14).

On the basis of that testimony, Jeddo Stars removed the action to this Court on April 7, 2017, arguing that "the case is removable due to the violation of [Tate's] federal right to free speech claim, which establishes a federal cause of action and therefore federal jurisdiction." (Doc. 1, ¶ 29). Plaintiffs timely filed their motion to strike notice of removal or, in the alternative, to remand the action to state court. (*See* Doc. 2, *generally*). Plaintiffs argue, *inter alia*, that "there is no federal jurisdiction over the Fourth Amended Complaint because Plaintiffs have not asserted a federal claim since to have a claim [for] First Amendment Retaliation Defendants must be state actors, which Jeddo Stars is not." (Doc. 3, 5-7). In opposition, Jeddo Stars asserts that the "question as to whether this Honorable Court's 'federal question' jurisdiction has been implicated is apparent based on the deposition testimony of Plaintiff Tate, not the four corners of the Complaint, as Plaintiffs contend." (Doc. 9, 6). Plaintiffs in reply dispute Jeddo Star's characterization of the law, emphasizing that the face of the Fourth Amended Complaint governs whether federal question jurisdiction exists over the action. (*See* Doc. 15, 3-4). Plaintiffs also request reimbursement of costs incurred in resisting the second removal of this action. (*See* Doc. 3, 7; Doc. 15, 4-5). Plaintiffs' motion to strike notice of removal or, in the alternative, to remand to state court is fully briefed and ripe for disposition.

## II. Discussion

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The procedure for removal of a civil action from state court is governed by 28 U.S.C. § 1446. Subsection (b) of § 1446 provides, in part:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citation omitted). Removal statutes are to be strictly construed against removal, and all doubts are resolved in favor of remand. *See A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (citation omitted).

It is undisputed that diversity jurisdiction is lacking in this case. (*See* Doc. 1, *generally*; Doc. 4, *generally*; Doc. 9, *generally*; Doc. 15, *generally*). Nor is it contested that Judge Mannion previously determined that the operative, well-pleaded complaint at issue here, Plaintiffs' Fourth Amended Complaint, does not assert a federal question on its face. *See Zawatsky*, 2016 WL 4990493, at *5; (*see also* Doc. 9, 2-3). Rather, Jeddo Stars takes the position that federal question jurisdiction exists because, after Judge Mannion remanded this action to state court, Tate testified that he is advancing a constitutional claim based on the violation of his First Amendment rights. (*See* Doc. 1, ¶ 29; Doc. 9, 3). According to Jeddo Stars, while the Third Circuit has not yet ruled on whether the reference to "other paper" in § 1446(b)(3) includes deposition testimony, other courts have concluded that "other paper" encompasses discovery responses, such as deposition transcripts and answers to interrogatories. (*See* Doc. 1, ¶¶ 26-27; Doc. 9, 4-5). Jeddo Stars thus contends that Tate's deposition "testimony makes it unequivocally clear and certain that the case is removable due to the violation of his federal right to free speech claim, which establishes a federal cause of action and therefore federal jurisdiction." (Doc. 1, ¶ 29).

"[A] court determines if there is federal question jurisdiction in removal cases by use of the well-pleaded complaint rule, which provides that there is federal question jurisdiction only when the face of a properly pleaded complaint asserts a federal question." *Deutsche Bank Nat'l Trust Co. v.*

*Harding*, 655 F. App'x 113, 114 (3d Cir. 2016) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987)).

Plaintiffs' motion to remand will be granted. As stated, the parties are not diverse, and the Fourth Amended Complaint, on its face, does not assert a federal question. *See Zawatsky*, 2016 WL 4990493, at *3-5. Further, Jeddo Stars' contention notwithstanding, Tate's deposition testimony does not establish federal question jurisdiction over this action. This is true irrespective of whether "other paper" in § 1446(b)(3) includes deposition testimony. *See, e.g., Papp v. Fore-Kast Sales Co., Inc.*, 842 F.3d 805, 816 n.10 (3d Cir. 2016) (noting that the plaintiff conceded that answers to deposition questions can constitute "other paper" for purposes of triggering the time for removal under § 1446(b)); *Nicole v. Sch. Dist. of Phila.*, No. 16-1457, 2016 WL 3456924, at *3 (E.D. Pa. June 20, 2016) ("The Third Circuit has not defined 'other paper'. . .").

"In most cases, when courts look to 'other paper' to ascertain removability, courts are clarifying that diversity jurisdiction has been established. Typically, a plaintiff will have brought a state law claim against a diverse party but will not have alleged the amount in controversy in the complaint; a later document will then establish a sufficient amount in controversy, creating federal diversity jurisdiction." *Eggert v. Britton*, 223 F. App'x 394, 397 (5th Cir. 2007); *see also Branson v. Mestre*, No. 17-207, 2017 WL 2615749, at *3 (D. Del. June 16, 2017); *Nicole*, 2016 WL 3456924, at *3-4. "Only in rare circumstances have courts used the 'other paper' doctrine to find federal question jurisdiction." *Nicole*, 2016 WL 3456924, at *3; *see also Branson*, 2017 WL 2615749, at *3 ("courts have rarely relied on the 'other paper' language of § 1446(b)(3) to determine if subject matter jurisdiction exists on the basis of a federal question."); *accord Dougherty v. Cerra*, 987 F. Supp. 2d 721, 729 (S.D. W. Va. 2013) ("the 'other paper' doctrine has little application in federal question cases."). Such circumstances include "when an ambiguous existing claim is clarified by later papers," *Nicole*, 2016 WL 3456924, at *3, or when "other paper" clarifies "that a plaintiff's state law claim is one that would be preempted by federal law." *Eggert*, 223 F. App'x at 397.

> [A]llegations which are said to form the basis of a federal claim which, in turn, forms the basis for removal, do not appear anywhere in the pleadings but have been injected in the case solely in deposition testimony, the putative federal claim simply does not exist as a cognizable claim in the case. In other words, deposition testimony that

5

> does not tend merely to clarify the federal nature of an existing claim but which relates to a putative claim which has not been pled, is not "other paper" from which it may be ascertained that the case is or has become removable.

*Id*. at 397-98 (citation and quotation omitted).

In the matter *sub judice*, Tate's testimony regarding his belief that Jeddo Stars violated his constitutional rights and that his operative pleading set forth a First Amendment claim fails to establish the existence of federal question jurisdiction. As previously explained by Judge Mannion, the Fourth Amended Complaint does not assert a federal question. *See Zawatsky*, 2016 WL 4990493, at *5. Thus, Tate's testimony relates merely to a putative claim that has not been pled in the Fourth Amended Complaint. *See Eggert*, 223 F. App'x at 397-98. Without more, Tate's testimony does not alter the Fourth Amended Complaint or serve to clarify the existence of any federal cause of action in this litigation. *See, e.g.*, *Eggert*, 223 F. App'x at 398 (the plaintiff's response to interrogatories did not relate to the complaint and therefore removal was inconsistent with the well-pleaded complaint rule); *Hogan v. Williams*, No. 17-3, 2017 WL 710414, at *3 (E.D. La. Feb. 22, 2017) (non-responses to the defendants' requests for admission did not establish federal question jurisdiction); *Breiding v. Wilson Appraisal Servs., Inc.*, No. 14-124, 2016 WL 1175257, at *4 (N.D. W. Va. Mar. 23, 2016) ("To find that federal question jurisdiction exists based on the mention of federal law in an answer to an interrogatory does not appear proper under the law . . . ."); *Simmons v. Mississippi Farm Bureau Cas. Ins. Co.*, No. 14-154, 2015 WL 5534098, at *3 (N.D. Miss. Sept. 17, 2015) ("The test alterations, draft deposition questions, and deposition statements have not altered the complaint in such a way to make unequivocally clear that plaintiffs are attempting to recover based on federal question jurisdiction."); *Miner v. Stevens Transp., Inc.*, No. 15-0967, 2017 WL 5472896, at *1 (N.D. Tex. Sept. 17, 2015) ("Plaintiff's deposition designations, specifically the attorney's questions, do not serve to clarify that the underlying nature of Plaintiff's claims arise under ERISA, and thus do not constitute "other paper" under 28 U.S.C. § 1446(b)(3)."); *Blanding v. Bradley*, No. 14-337, 2014 WL 1514675, at *4 (D. Md. Apr. 15, 2014) ("the mere mention of the United States Constitution, without more, in Mr. Blanding's interrogatory response, cannot serve to clarify any existing federal claim."); *City of Dallas v. Explorer Pipeline Co.*, No. 2-1465, 2003 WL 193444, at *4 (N.D. Tex. Jan. 27,

2003) ("the Court finds that Plaintiff's interrogatory responses are not sufficient to impart federal jurisdiction."); *accord Williams v. Hilarides*, No. 12-294, 2012 WL 2339335, at *2 (E.D. Cal. June 19, 2012) ("In cases such as this one, involving federal question jurisdiction, discovery responses do not constitute 'other papers' which trigger removal jurisdiction. To hold otherwise would be to invite defendants to remove at any whiff of a claim, and deprive plaintiffs of their role as masters of their complaint.").

In support of removal of this action, Jeddo Stars cites *Efford v. Milam*, 368 F. Supp. 2d 380, 386 (E.D. Pa. 2005). *Efford*, though, is readily distinguishable from the instant matter. There, the plaintiffs filed a praecipe for writ of summons in state court which "stated nothing regarding the factual or legal basis of the suit." *Id*. at 381-82. After the defendants were served with the writ and inquired about the basis of the lawsuit, the plaintiffs' counsel responded to the defendants with a letter indicating, *inter alia*, that the facts supported a civil RICO claim. *See id*. at 382. The plaintiffs subsequently filed their complaint, which included a civil RICO claim, and, within thirty (30) days of the filing of the complaint, the defendants removed the action to federal court on the basis of federal question jurisdiction. *See id*. The plaintiffs filed a motion to remand on the basis that the action was not timely removed within thirty (30) days of the letter to the defendants indicating that the facts provided for a civil RICO cause of action. *See id*.

In construing § 1446(b), the district court found that the letter from plaintiffs' counsel indicating that they intended to bring a federal claim constituted "other paper" under the statute. *See id*. at 385. Specifically, the district court noted that the letter: (1) stated the facts supported a federal cause of action; (2) described what needed to be established to make out the federal claim; and (3) identified facts that the plaintiffs would use to demonstrate that claim. *See id*. at 386. Given these facts, the *Efford* court concluded that the letter made it "'unequivocally clear and certain' to defendants that the case was removable[,] . . . especially when the defendants' counsel was anticipating correspondence from plaintiffs' counsel regarding the basis of the suit, and when it appears from the face of the letter that the yet-to-be-filed complaint had already been written." *Id*. As such, finding the defendants failed to timely file the notice of removal, the district court granted

7

the plaintiffs' motion to remand the action to state court. *See id.*[1]

*Efford* is inapposite to the matter *sub judice*. For one, given Judge Mannion's prior determination that the Fourth Amended Complaint contains only state law causes of action, *see Zawatsky*, 2017 WL 4990493, at *5, it cannot be said that Tate's deposition testimony clarified an *existing* federal claim. Second, unlike the pre-complaint letter from counsel in *Efford* indicating that the plaintiffs would be pursuing a federal cause of action, the above cited authority makes clear that the mere reference to federal law in response to a question during discovery is typically insufficient to establish federal question jurisdiction. Further, in contrast to *Efford*, Plaintiffs' counsel, both here and when the matter was before Judge Mannion, repeatedly reiterated that Plaintiffs are not pursuing a federal cause of action. (*See* Doc. 4, 5-7; Doc. 15, 2-4); *see also* Brief in Support of Plaintiffs' Motion to Remand, *Zawatsky v. Jeddo Stars Athletic Assoc.*, No. 16-1725, (M.D. Pa. August 22, 2016), ECF. No. 6. To that point, in view of the allegations in the Fourth Amended Complaint and the lack of any averment that Defendants acted under color of state law, there appears to be no support for Jeddo Star's claim that Plaintiffs are proceeding with a 42 U.S.C. § 1983 cause of action here. Significantly, in its opposition to Plaintiffs' motion to remand, Jeddo Stars did not address the apparent lack of state action in this case. (*See* Doc. 9, *generally*).

Based on the foregoing, because Plaintiffs are not pursuing a federal cause of action in this litigation, Jeddo Stars' removal of this action pursuant to § 1446(b)(3) was improper. The matter will therefore be remanded to the Court of Common Pleas of Luzerne County. And, because Jeddo Stars lacked an objectively reasonable basis for removing this action, I will grant Plaintiffs' requests for payment of just costs and actual expenses they incurred as a result of the improper removal.

Section 1447(c) states, in relevant part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "When removal of an action is improper, the plaintiff may be

---

[1] Subsequent to *Efford*, the Third Circuit held that a writ of summons alone is not an "initial pleading" triggering § 1446(b)'s removal period. *See Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005) (complaint, not writ of summons, was the "initial pleading").

8

entitled to recover attorney's fees, costs, and expenses associated with opposing removal, regardless of whether the action was removed in bad faith." *Branson*, 2017 WL 2615749, at *5 (citing *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1259 (3d Cir. 1996)). "[A]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). "A district court has broad discretion and may be flexible in determining whether to require the payment of fees under section 1447(c)." *Mints*, 99 F,3d at 1260.

Jeddo Star's removal of this action was objectively unreasonable. First, in previously remanding this case, Judge Mannion determined that "there is no basis for the fourth amended complaint to be removed to this federal court" as it "was specifically drafted to assert only state law claims." *Zawatsky*, 2016 WL 4990493, at *5. Tate's deposition testimony did not provide Jeddo Stars with an objectively reasonable basis to remove the action because "other paper must clarify the federal nature of an *existing* claim, and not relate to a putative claim that has not yet been plead." *Blanding*, 2014 WL 1514675, at *3 (emphasis in original) (citations omitted). In short, because the Fourth Amended Complaint had already been judicially determined to raise only state law claims, there was simply no federal cause of action that Tate's deposition testimony could have clarified. Jeddo Stars, therefore, had no reason to remove this action based on the "other paper" doctrine.

Second, as cited herein, ample authority demonstrates that the "other paper" doctrine is used to find the existence of federal question jurisdiction only in rare cases. With little effort and minimal research, Jeddo Stars should have identified that the matter *sub judice* did not present one of those cases. In addition, the authority cited by Jeddo Stars as support for the propriety of the removal of this action is readily distinguishable from the facts of this case. For this reason as well, Jeddo Stars lacked an objectively reasonable justification to remove this action. An award of costs and reasonable expenses, including attorney fees, incurred by Plaintiffs as a result of the improper removal pursuant to § 1447(c) is warranted under the circumstances. *See, e.g.*, *Branson*, 2017 WL 2615749, at * 6 (granting the plaintiffs' request for fees under § 1447(c)); *Todesco v. Wainright*, No. 16-16736, 2017 WL 1375286, at *8 (E.D. La. Apr. 17, 2017) (same); *Hogan*, 2017 WL 710414, at *3 ("with proper research, defendants should have known that there was no federal question jurisdiction, and an award

of attorneys' fees and costs is just under § 1447(c)."); *Nicole*, 2016 WL 3456924, at *5 (granting the plaintiff's motion for fees and costs pursuant to § 1447(c)); *Miner*, 2015 WL 5472896, at *2 (awarding costs and fees where the "Defendant lacked objectively reasonable grounds for believing that Plaintiff's deposition designations clarified that Plaintiff's claims arise under ERISA.").

Within fourteen (14) days from the date of entry of the accompanying order, Plaintiffs shall submit a brief and supporting documentation, including an accounting of attorneys' fees and costs, limited to expenses they incurred as the result of the instant removal.[2] In so doing, Plaintiffs' counsel shall identify the nature of her representation of Plaintiffs in this matter, *i.e.*, whether Plaintiffs are being represented on an hourly or contingency fee basis. To the extent that representation in this matter is on an hourly basis, Plaintiffs' submission shall set forth counsel's agreed upon hourly rate and the actual amount billed to Plaintiffs in resisting removal. The billing entries shall, of course, be specific enough to allow for sufficient review of the requested fees. *See*, *e.g.*, *Souryavong v. Lackawanna Cnty.*, 159 F. Supp. 3d 514, 533-35 (M.D. Pa. 2016), aff'd, 872 F.3d 122 (3d Cir. 2017); *see also Clemens v. New York Mut. Fire Ins. Co.*, - - - F. Supp. 3d - - -, 2017 WL 3724236, at *10 (billing entries must include sufficient detail to allow the court to determine whether the time billed is reasonable). Failure to provide sufficiently detailed billing entries may result in the reduction or outright denial of the requested fee. *See Souryavong*, 159 F. Supp. 3d at 534 (deducting time from billing entries based on lack of specificity); *see also Young v. Smith*, - - - F.3d - - -, 2017 WL 3892057, at *31 (M.D. Pa. Sept. 6, 2017) (denying fee petition in full because entries were "vague and ambiguous and lack[ed] the requisite detail to substantiate the propriety" of the billed time). Upon receipt of Plaintiffs' submission and any opposition by Jeddo Stars thereto, a hearing will be held to determine the reasonableness of Plaintiffs' requested costs and expenses. *Accord Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1135 (10th Cir. 2001) ("the statute's limit on actual fees to those 'incurred as a result of removal' requires the district court to conduct some sort of reasonableness

---

[2] "By contrast, ordinary litigation expenses that would have been incurred had the action remained in state court are not recoverable because such expenses are not incurred 'as a result of the removal.'" *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997)

10

inquiry. . . . We have concluded that the phrase 'incurred as a result of removal' informs and narrows the meaning of 'actual expenses, including attorney fees.' . . . To be compensable, their fees must be actually 'incurred,' that is, they must reflect efforts expended to resist removal. . . . [U]nreasonably high fees are not 'incurred' as a result of removal; rather, excessive fee requests flow from, and accumulate by means of, improper billing practices, and will not be recoverable under § 1447(c).").

### III. Conclusion

For the above stated reasons, the action will be remanded to the Court of Common Pleas for Luzerne County. Jurisdiction will be retained over the case solely for determining the amount and to order payment of Plaintiffs' just costs and actual expenses incurred as result of the removal of this action. Plaintiffs will be given fourteen (14) days from the date of entry of the accompanying order to submit appropriate and sufficiently detailed documentation regarding the costs and expenses incurred by Plaintiffs in resisting removal. Jeddo Star's opposition to Plaintiffs' request for costs and expenses, if any, shall be filed within fourteen (14) days from receipt of Plaintiffs' submission. No reply brief will be permitted. A hearing on Plaintiffs' request for costs and expenses will be held on Tuesday, December 12th, 2017 at 10:00 a.m., Courtroom #3, Max Rosenn U.S. Courthouse, 197 South Main Street, Wilkes-Barre, Pennsylvania 18701.

An appropriate order follows.


October 23, 2017  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge